UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELDEN GUERRERO | CIVIL ACTION |
| V. | NO. 15-1135 |
| JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL. | SECTION "C" (3) |

ORDER AND REASONS

Before the Court are the briefs of the parties, submitted pursuant to the Court's Rule 56(f)(3) order. *See* Rec. Docs. 25 & 27; *see also* Rec. Doc. 24 at 12. The Court denied defendant's motion to dismiss on the grounds that petitioner Elden Guerrero's claim was not barred as a matter of statutory interpretation. *See id.* at 5–12. Specifically, the Court rejected the interpretation of 8 U.S.C. § 1255 (statute providing basic criteria and process for adjusting a nonimmigrant status to immigrant admitted for permanent resident status) and 8 U.S.C. § 1254a (statute providing for temporary protected status to certain "aliens") that United States Citizenship and Immigration Services ("USCIS") employed in denying petitioner's I-485 application. *See id.*

Concluding that it appeared likely petitioner's claim for relief was meritorious, but noting that it did not have a motion for summary judgment before it, the Court ordered defendant to show cause as to why the Court should not grant summary judgment in favor of petitioner pursuant to Rule 56(f)(3). *See* Rec. Doc. 24 at 12. Defendant filed a brief opposing summary judgment for petitioner on November 4, 2015. *See* Rec. Doc. 25. After allowing petitioner an opportunity to respond, petitioner filed a reply on November 18, 2015. *See* Rec. Doc. 27.

In its opposition brief, defendant essentially raises four arguments. First, that the Court erred in relying on the Sixth Circuit's decision in *Flores v. U.S. Citizenship and Immigration*

1

*Services* both because the case is distinguishable and because it is flawed. *See* Rec. Doc. 25 at 4–8; *see also Flores*, 718 F.3d 548 (6th Cir. 2013). Second, that the Court misread the limited Fifth Circuit guidance available on the issue. *See id.* at 9–11, 14–17. Third, that the Court's decision misconstrues the plain language of 8 U.S.C. §§ 1254a and 1255. *See id.* at 11–14. Finally, that the Court should defer to the interpretation of USCIS. *See id.* at 17–23.

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant.[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324.

Because the Court finds that the parties have raised no genuine issue of material fact and for the reasons stated in its previous order and reasons (Rec. Doc. 24), the Court concludes that summary judgment for petitioner Guerrero is appropriate.[2] Defendant has raised no dispute of

---

[1] The Court notes that there is no movant in this case; however, concludes that for all intents and purposes defendant is the "nonmovant" for the purposes of summary judgment.

[2] While petitioner's complaint is styled as a "writ of mandamus," plaintiff asserted jurisdiction under the Administrative Procedure Act and the Court is satisfied that relief to petitioner is most properly granted under that Act pursuant to 5 U.S.C. § 706. *See generally* 5 U.S.C. § 701 *et seq*; *see also O'Reilly v. U.S. Army Corps of Engineers*, 477 F.3d 225, 238–39 (5th Cir. 2007).

material fact and the Court is unpersuaded by defendant's arguments that the Court erred in its interpretation of the pertinent statutes, its reference to *Flores* and available Fifth Circuit guidance, or its determination that no heightened deference is due to the decision of USCIS in this case. *Compare* Rec. Doc. 24 at 5–11*, with* Rec. Doc. 25 at 4–17.

Accordingly,

    IT IS HEREBY ORDERED that summary judgment in favor of petitioner Elden Guerrero is GRANTED and that USCIS' denial of petitioner's I-485 application is SET ASIDE. *See generally* Rec. Doc. 1-2.

    IT IS FURTHER ORDERED that the case is REMANDED to the USCIS for reconsideration consistent with the Court's decision.

New Orleans, Louisiana, this 29th day of December, 2015

                               **HELEN G. BERRIGAN**
                               **UNITED STATES DISTRICT JUDGE**